**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

ARNALDO RAMOS-MARTIR, ET.AL.

    Plaintiffs

       v.                            CIV. NO. 05-2038 (PG)

ASTRA MERCK, INC., ET.AL.,

    Defendants

**ORDER**

Before the Court is defendant Merck & Co., Inc.'s "Motion to Stay all Proceedings." (Docket No. 7). A court's power to stay proceedings is a well established accouterment of its broad discretion to manage and dispose of cases on its docket. A properly granted stay operates as an invaluable tool to conserve party and judicial resources, and to avoid inconsistent procedural and legal rulings. In granting a stay, however, the Court must also be mindful of the hardship and inequity to the moving party if the action is not stayed, and of the potential prejudice to the non-movant. See Rivers v. The Walt Disney Co., 980 F.Supp. 1358, 1360 (C.D. Cal. 1997).

The captioned action shares factual and legal issues with over 148 actions currently pending before the Multi-District Litigation Panel ("Panel") under the caption of VIOXX Products Liab. Litig., MDL Proceeding 1657 (MDL-1657). Consequently, defendants have requested inclusion of this case in MDL-1657 and transfer to the Eastern District of Louisiana. Given the shared factual and legal issues between the captioned case and those under the MDL-1657 umbrella, it is possible that the Panel will conclude that centralization of proceedings would serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. At this procedural juncture, the parties and the Court

Civ. No. 05-2038 (PG)                                                    Page 2

have expended few resources in prosecuting the case: only the complaint and answer have been filed, and there have been no status conferences or discovery attempts.  Logic dictates that the Court's interest in preserving judicial and party resources should be more prominent when little if any resources have been expended.  Given the possibility of transfer, the Court is inclined to agree with defendants as to the undesirability of expending judicial resources familiarizing ourselves with the intricacies of the instant case.

This inclination is buttressed by the fact that, given plaintiffs' few investments to date, the prejudice to them would be minimal, especially in light of the Panel's streamlined process for determining whether a particular case will be transferred.  Conversely, defendants face a myriad of actions before numerous district courts around the country.  Allowing independent litigation of factually identical claims in individual districts would not only seriously hamper defendant's ability to engage in efficient and effective litigation, but would also frustrate the Panel's primary goal of centralizing multitudinous actions in a single manageable and efficient litigation.

In merit of the above, Defendant's motion to stay (Docket No. 7) is **GRANTED**.  All proceedings in the above captioned case are **STAYED** pending the Panel's decision on whether the case will be transferred to the Eastern District of Louisiana for inclusion in MDL-1657.

**SO ORDERED.**

In San Juan, Puerto Rico, November 16, 2005.

                                                    S/JUAN M. PEREZ-GIMENEZ
                                                    U. S. DISTRICT JUDGE